UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

    Plaintiff,

v.

TERI MASSEY,

    Defendant.
_____/

Case No. 2:23-cv-12212
District Judge Jonathan J.C. Grey
Magistrate Judge Kimberly G. Altman

## ORDER CONSTRUING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 19) AS A MOTION FOR RECONSIDERATION OF CLERK'S DENIAL OF ENTRY OF DEFAULT (ECF No. 16) AND DENYING THE MOTION

### I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff James Scott (Scott), proceeding *pro se*, is suing defendant Teri Massey (Massey) under the Eighth and Fourteenth Amendments alleging that she was deliberately indifferent to his medical needs. *See* ECF No. 10. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 17).

Before the Court is Scott's motion for relief from judgment. (ECF No. 19). No response has been filed and the time for doing so has passed. For the reasons that follow, the motion will be CONSTRUED as a motion for reconsideration of the Clerk's denial of an entry of default, (ECF No. 16), and be DENIED.

1

II. Background

On November 28, 2023, Scott filed a request for the Clerk to enter a default against Massey for failure to plead or otherwise defend. (ECF No. 11). On December 8, 2023, Massey filed a response opposing Scott's request, explaining that she was not required to file an answer because of 42 U.S.C. § 1997e(g)(1) and that she intended to abide by the Court's deadlines and eventually file a timely dispositive motion. (ECF No. 13). Then on January 9, 2024, Scott filed a request entry of default judgment. (ECF No. 14). A few days later, on January 12, 2024, the Clerk denied Massey's requests for default and default judgment. (ECF Nos. 15, 16).

On January 30, 2024, Scott filed a motion for relief from judgment. (ECF No. 19). The motion is not entirely clear, but it appears that Scott believes the Clerk mistakenly denied his requests for default. (*Id.*, PageID.183). He says that § 1997e(g)(1) did not become a law until November 17, 2023, after his complaint was filed, and that it cannot be applied retroactively. (*Id.*, PageID.183-184). Scott also says that if the Court does apply § 1997e(g)(1) then Massey's December 8, 2023 filing should be construed as a reply enabling the Court to grant Scott relief. (*Id.*, PageID.184).

III. Discussion

Scott's motion asks the Court to reconsider the Clerk's denial of an entry of

2

default. Accordingly, it will be construed as a motion for reconsideration rather than a motion for relief from judgment.

Eastern District of Michigan Local Rule 7.1(h) governs motions for reconsideration. The rule provides as follows:

> **(h) Motions for Rehearing or Reconsideration.**
>
> **(1) Final Orders and Judgments.** Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.
>
> **(2) Non-Final Orders.** Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
>> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>>
>> (B) An intervening change in controlling law warrants a different outcome; or
>>
>> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

As an initial matter, the motion is based on a non-final decision because no judgment has been entered. Thus, the standard in (h)(2) applies. Scott has not satisfied this standard. The motion appears to be based on a misunderstanding of 42 U.S.C. § 1997e, which became effective in its current version on March 7,

2013.  In other words, the current version of § 1997e had been in effect for over ten years by the time Scott initiated this lawsuit in August 2023.

    As to the subsection of the statute in dispute, § 1997e(g)(1) provides: "Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility," and that "such waiver shall not constitute an admission of the allegations contained in the complaint." Further, "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1).  The exception to this is that under subsection (g)(2), a court may require a defendant to reply to a complaint, but the Court has not done so here.  This statute has been interpreted to mean that an incarcerated plaintiff is not entitled to default judgment against defendants that have been served but have chosen not to file an answer or otherwise reply to the complaint.  *See, e.g.*, *Searcy v. Macomb Cnty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (citing cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).

    In sum, Scott as an incarcerated plaintiff cannot obtain either an entry of default or a default judgment against Massey.  As such, the Clerk properly denied his requests for entry of default and default judgment.  Further, Massey's response opposing the entry of default does not in anyway entitle Scott to relief.  At this time, the parties are supposed to be engaging in discovery through May 22, 2024.

Dispositive motions are due about a month later on June 24, 2022. In other words, there has been no mistake, no intervening change in the law, and no new facts which would warrant reconsideration.

IV. Conclusion

For the reasons set forth above, Scott's motion for relief from judgment, (ECF No. 19), is CONSTRUED as a motion for reconsideration of the Clerk's denial of an entry of default, (ECF No. 16), and is DENIED.

**Scott is reminded that he must respond to Massey's pending motion to compel, (ECF No. 20), by March 20, 2024, (ECF No. 21).**

SO ORDERED.

Dated: February 23, 2024  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2024.

s/Julie Owens acting in the absence of Carolyn Ciesla
CAROLYN CIESLA
Case Manager