UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

    Plaintiff,

v.

TERI MASSEY,

    Defendant.
_____/

Case No. 2:23-cv-12212
District Judge Jonathan J.C. Grey
Magistrate Judge Kimberly G. Altman

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL (ECF No. 20)

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff James Scott (Scott), proceeding *pro se*, is suing defendant Teri Massey (Massey) under the Eighth and Fourteenth Amendments alleging that she was deliberately indifferent to his medical needs. *See* ECF No. 10. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 17).

Before the Court is Massey's motion to compel Scott to sign an authorization for a release of all of his health records dated on or after January 1, 2021. (ECF No. 20; ECF No. 20-1, PageID.202). Scott has not filed a response to

1

the motion and the time for doing so has passed.[1] For the reasons that follow, the motion will be GRANTED.

## II. Legal Standard

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The scope, however, may be "limited by court order," *id*., meaning it is within the sound discretion of the Court. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion." (internal citation omitted)). Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery

---

[1] Massey filed the motion on February 21, 2024. (ECF No. 20). On February 22, 2024, the Court entered an order requiring Scott to file a response by March 20, 2024. (ECF No. 21).

requests, then it may file a motion to compel. Motions to compel are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which states, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

### III. Analysis

The parties do not dispute the relevancy of at least some of Scott's health records. They do, however, disagree with regard to the scope of the relevant records. Massey is seeking all of Scott's health records dated on or after January 1, 2021. (ECF No. 20-1, PageID.202). In a letter to Massey, which was attached to the instant motion, Scott wrote that his "life history is not **relevant information** to this case. You may send me a request for information concerning the claim of all back problems and the result of any tests concerning it." (ECF No. 20-3 (emphasis in original) (parentheses omitted)).

When an inmate "bring[s] his physical condition and medical records into question [it] make[s] [his] health records a legitimate source of inquiry and investigation into the factual basis of his claims" *Davis v. Caruso*, No. 07-CV-11740-DT, 2009 WL 931165, at * 5 (E.D. Mich. Mar. 31, 2009) (internal quotation marks and record citation omitted); *see also Arnold v. Hutchison*, No. 16-cv-13403, 2017 WL 1684674, at *2 (E.D. Mich. May 3, 2017). The Michigan Department of Corrections is the custodian of Scott's health records and will only

release the records with Scott's authorization.

In cases like this one, courts have found a plaintiff's entire medical record to be relevant. As one court said, "[p]laintiff does not get to choose which discrete portions of his medical records he permits [d]efendants to discover." *Sleighter v. Kent Cnty. Jail Admin.*, No. 1:12–cv–763, 2013 WL 5320203, at *5 (W.D. Mich. Sept. 20, 2013). Ultimately,

> [r]ecords from before, during, and after the events alleged in the complaint are relevant to show [Scott's] preexisting physical condition, the treatment he received during the time period addressed in his [ ] complaint, and any continued medical treatment he received as a result of the events he alleges took place.

*Tolson v. Washburn*, No. 3:19-cv-00175, 2021 WL 4391642, at *3 (M.D. Tenn. Sept. 24, 2021). Accordingly, Scott's entire health record is relevant and thus discoverable. It is also noted that Massey seeks only health records from January 1, 2021 forward, which is a reasonable time period from a short time before the alleged denial of medical care to the present.

## IV.    Conclusion

For the reasons stated above, Massey's motion to compel, (ECF No. 20), is GRANTED.

Massey shall mail a new authorization form to Scott by **Tuesday, March 26, 2023**, and shall file a certification on the docket stating when the form was mailed. Scott must return the form via mail to Massey within **fourteen (14) days**

**of his receipt of the form**.

SO ORDERED.

Dated: March 21, 2024                        s/Kimberly G. Altman
Detroit, Michigan                            KIMBERLY G. ALTMAN
                                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2024.

                                                    s/Kristen Castaneda
                                                    Kristen Castaneda
                                                    Case Manager