UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

       Plaintiff,

v.

TERI MASSEY,

       Defendant.

_____/

Case No. 23-12212
Hon. Jonathan J.C. Grey

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 40), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 29), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 32), and DENYING PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION (ECF No. 41)**

**I.     INTRODUCTION**

Pro se Plaintiff James Scott filed this 42 U.S.C. § 1983 lawsuit against Defendant Teri Massey ("Massey"), a nurse practitioner, based on alleged denial of medical care. (*See* ECF No. 10.) The parties have filed cross-motions for summary judgment (ECF Nos. 29, 32), and the motions are fully briefed.

This matter comes before the Court on Magistrate Judge Kimberly G. Altman's ("MJ" or "Judge Altman") Report and Recommendation dated

October 7, 2024 (the "R&R"). (ECF No. 40.) In the R&R, Judge Altman recommends that the Court deny Scott's motion for summary judgment and grant Massey's motion for summary judgment. Scott filed objections to the R&R, to which Massey responded. (*See* ECF Nos. 50, 51.)

Due to bankruptcy proceedings related to Massey's employer that impacted this case, this matter was stayed from November 2024 until recently. (*See* ECF Nos. 44, 46, 47.) As the stay has expired, the Court now addresses the R&R and the objections thereto. For the reasons set forth below, the Court **ADOPTS** the R&R, **GRANTS** Massey's summary judgment motion, **DENIES** Scott's summary judgment motion, **DENIES** Scott's objections to the R&R, and **DISMISSES** Scott's cause of action.

## II. ANALYSIS

The Court has had an opportunity to review this matter and finds that Judge Altman reached the correct conclusions for the proper reasons, as set forth in the R&R. The Court has reviewed Scott's objections to the October 7, 2024 R&R and comes to the following conclusions.

### A. Objection 1

Scott contends the MJ erred by concluding that he could not rely

solely on the existence of a serious medical need because Massey provided some care for his pain. This objection, like several to follow, appears to focus primarily (but not exclusively) on the period between late July 2021, when Scott first complained about a more acute issue with his chronic back pain, and October 4, 2021, when Massey saw Scott for an annual chronic pain appointment. Scott repeatedly refers to this "68-day" period as a time when Massey denied any medical assistance to him. Scott argues that an August 6, 2021 appointment for Scott to see Massey was canceled simply because he had an annual chronic care appointment on October 4, 2021 (ECF No. 32, PageID.583), which was 59 days later.

The Court finds that Scott has failed to establish any evidence that the delay shows that Massey was deliberately indifferent or otherwise unconstitutional. First, on August 4, 2021, Massey reviewed the notes of a registered nurse ("RN") who saw Scott the same day, and Massey indicated that she would schedule a visit. Second, pursuant to kites filed by Scott in August 2021, Scott was seen by an RN on (at least) August 4, 2021 and August 24, 2024. At the August 24, 2021 visit, Scott's pain was documented at 5 out of 10. Third, Scott did not submit any additional kites before his October 4, 2021 visit with Massey.

3

Fourth, Scott has not produced any evidence that Massey is the person who canceled the August 6, 2021 appointment. In fact, pursuant to a grievance filed by Scott, "Patricia Lamb, RN, BSN (Lamb) explained in the Step II response to Scott's grievance related to the delay, the appointment could not be kept as planned due to significant and unavoidable 'scheduling restraints and operational challenges related to the COVID pandemic.'" (ECF No. 40, PageID.771–772 (quoting ECF No. 29-3, PageID.476).) Finally, the MJ was correct in holding that a serious medical need alone is sufficient where a medical provider has provided some care, so long as that care was not "grossly or woefully inadequate." *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021).

For these reasons, the Court finds that Scott has not shown that the MJ erred and **DENIES** objection 1.

### B.  Objection 2

Scott contends that his suffering was caused by Massey denying, and therefore delaying, treatment to Scott when she knew "of a substantial risk of serious harm." (ECF No. 41, PageID.793 (quoting *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).) Even if Scott had evidence that Massey knew of a substantial risk

4

of harm and delayed his treatment, he needs testimonial support by a qualified medical expert that the delay had a detrimental effect on Scott. *See Phillips*, 14 F.4th at 538 (citations omitted). For this reason, the Court **DENIES** objection 2.

### C. Objection 3

In objection 3, Scott argues that the MJ erred when concluding he had introduced no evidence that his August 6, 2021 appointment was canceled by Massey or canceled for illegitimate purposes. For the same reasons set forth above with respect to objection 1, objection 3 has no merit. Further, in addition to submitting no evidence that Massey canceled the appointment, Scott has failed to show how canceling an appointment because there is an upcoming annual visit is illegitimate or unconstitutional, particularly where Massey had reviewed his chart and seen that he had been prescribed pain medication. (ECF No. 29-2, PageID.427.) The Court therefore **DENIES** objection 3.

### D. Objection 4

Scott contends that, because his October x-rays showed degenerative changes in his lower back, the MJ erred when concluding that Massey was not deliberately indifferent for failing to give him

something that would help with his condition. (ECF No. 41, PageID.787, 795.) Some of Scott's argument is based on Massey's failure to see him until October 4, 2021, as well as the delay from Massey's review of the x-rays on October 15, 2021 until meeting with Scott on November 2, 2021. As Scott notes in his argument, however, on November 2, 2021, Massey promptly discussed and started Cymbalta for improved pain relief. (*Id.*) The Court does not find that two-and-one-half weeks between the receipt and review of x-rays and an appointment to discuss them was unreasonable or deliberately indifferent. Further, as stated above, Massey has not submitted any qualified expert evidence that the two-and-one-half week period between October 15, 2021 and November 2, 2021 harmed Massey. The Court therefore **DENIES** objection 4.

### E. Objection 5

Scott asserts that the MJ erred when finding that Massey unaware in December 2021 that Scott had issues with taking Elavil. Scott only offers evidence that he had a chart review with RN Christine Winnie and Winnie sent a kite response indicating that she "can place a chart review with the MP to discontinue the medication." (ECF No. 32, PageID.580.) There is no indication in the records that Winnie spoke to or

6

communicated any of this information to Massey, nor has Scott produced any other evidence that Massey knew that he was not tolerating the Elavil in December 2021. Accordingly, the Court **DENIES** objection 5.

### F. Objection 6

Scott claims the MJ erred when holding that he would need to present expert medical evidence to create a genuine issue of material fact regarding the objective component of deliberate indifference. Scott cites the complete denial of medical treatment by Massey for 68 days before retaliating against him for filing grievances against her. (ECF No. 41, PageID.788.) He further claims that the x-rays Massey read showed a need for an urgent appointment and her failure to set one up was deliberately indifferent. (*Id.* at PageID.797–798.)

For the reasons discussed above with respect to objections 1 and 2, the Court is not persuaded that the reliance on the 68-day delay helps Scott, especially in the absence of a medical expert's opinion. Further, as the MJ found, nothing in the testimony of Shuyler Rogg, M.D. indicates that the level of Massey's care or suggests that Massey was deliberately indifferent. This is significant because "mere malpractice does not violate the Eighth Amendment. . . . Only grossly or woefully inadequate care—

7

not just care that falls below a professional standard—can be called "'cruel and unusual.'" *Phillips*, 14 F.4th at 535 (internal citations omitted).

For the reasons stated above, the Court **DENIES** objection 6.

### G. Objection 7

Scott challenges the MJ's alleged credibility determinations and weighing of the evidence; he also contends the MJ did not consider his affidavit at all in resolving the cross-motions for summary judgment. (ECF No. 41, PageID.788, 798. The Court finds that the MJ correctly found that the evidence reflected that Massey "used her medical judgment to triage Scott's needs," and that Scott did not submit evidence that Massey believed there was a substantial risk of harm or disregarded the same. (ECF No. 40, PageID.774; *Thabata v. Bank of Am. N.A.*, 620 F. App'x 467, 469 (6th Cir.2015) (a "non-movant must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment'").) The Court **DENIES** objection 7.

### H. Objection 8

Scott argues that the MJ misconstrued his claims as a disagreement over medical treatment that does not implicate the Eighth

8

Amendment. He again focuses on the 68-day delay in treatment between late July and October 4, 2021. The Court finds that this argument is a composite reiteration of arguments discussed above. For the same reasons, the Court **DENIES** objection 8.

## I. Objection 9

Scott asserts that the MJ erred when concluding that there is no evidence that Massey knew about the grievances. Scott misstates the MJ's findings regarding the grievances. First, as the MJ wrote: "In fact, Scott has not shown that Massey even knew about the grievances. In her affidavit, Massey states that **she is not informed by MDOC** when a grievance is filed against her. (ECF No. 26-2, PageID.433)." (ECF No. 40, PageID.781 (emphasis added).) In other words, the MJ merely recognized that Massey would not know of the grievances from the MDOC because the MDOC did not notify her of grievances filed against her.

Second, the MJ clearly acknowledged the one "grievance" that Scott specifically identifies as having been given to Massey, as Scott personally gave it to Massey on March 9, 2022 (ECF No. 38, PageID.723 at ¶ 16):

> Scott also claims, for the first time in his response to Massey's motion for summary judgment, that he showed Massey the grievances at his appointment on March 9, 2022. (ECF No. 38, PageID.701). However, Scott stated in his complaint and in

9

> his own motion for summary judgment that he took his December 15, 2021, complaint about Elavil to his appointment to show Massey. (ECF No. 10, PageID.51; ECF No. 32, PageID.513-514). This "complaint" was a kite that Scott had submitted, not a grievance. (ECF No. 29-1, PageID.350).

(ECF No. 40, PageID.781 at n.5.) Significantly, Scott has not objected to the MJ conclusion that the "grievance" he showed Massey on March 9, 2022 was a kite and not a grievance.

For the reasons stated above, the Court finds that Scott has not submitted any evidence that Massey knew about the grievances. Objection 9 is **DENIED**.

### J. Objection 10

Scott argues that the MJ erred when ruling in Massey's favor even after acknowledging that Massey falsely attributed the decision to dissolve the Neurontin in water to being directed to do so by the Pain Management Committee. The MJ did not, however, rule in Massey's favor by ignoring Scott's argument that Massey was mistaken. Rather, as the MJ noted, Massey's "initial order to crush and dissolve the Neurontin was consistent with the manner in which the medication is usually prescribed in the MDOC." (ECF No. 40, PageID.783.) For that reason, the MJ correctly concluded that Scott cannot "show that Massey

10

would not have directed the medication to be opened and dissolved but for her allegedly retaliatory motive." (*Id.*); *Coleman v. Mohlman*, No. 2:19-cv-13494, 2020 WL 5648352, at *6 (E.D. Mich. Aug. 24, 2020), report and recommendation adopted, 2020 WL 5645715 (E.D. Mich. Sept. 22, 2020) (citing *Nieves v. Bartlett*, 587 U.S. 391, 398–399 (2019) ("The retaliatory motive must be a 'but-for' cause to the adverse action.")).

For these reasons, the Court **DENIES** objection 10.

### K. Conclusion

Finding no error in Judge Altman's October 7, 2024 Report and Recommendation, the Court adopts the Report and Recommendation (ECF No. 40) in its entirety.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation dated October 7, 2024 (ECF No. 40) is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Scott's objections to the October 7, 2024 Report and Recommendation (ECF No. 41) are **DENIED**.

**IT IS FURTHER ORDERED** that the Massey's motion for summary judgment (ECF No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that Scott's motion for summary judgment (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Scott's cause of action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

DATED: August 25, 2025

<u>**s/Jonathan J.C. Grey**</u>
JONATHAN J.C. GREY
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2025.

                                                                  <u>s/ S. Osorio</u>
                                                                Sandra Osorio
                                                                Case Manager