**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES SCOTT,

Plaintiff,

Case No. 23-12212
Hon. Jonathan J.C. Grey

v.

TERI MASSEY,

Defendant.
______________________________/

**ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT OR ORDER (ECF No. 60) AND STRIKING PLAINTIFF'S PROPOSED AMENDED COMPLAINT (ECF No. 59)**

Pro se Plaintiff James Scott filed this 42 U.S.C. § 1983 lawsuit against Defendant Teri Massey ("Massey"), a nurse practitioner, based on alleged denial of medical care. (*See* ECF No. 10.) On August 25, 2025, the Court adopted the report and recommendation issued by Magistrate Judge Kimberly G. Altman, denied Scott's objections to the report and recommendation, and dismissed Scott's case. (ECF No. 52.)

On September 16, 2025, Scott filed a motion to alter or amend judgment. (ECF No. 54.) On October 17, 2025, Scott filed a motion to amend and supplemental pleadings. (ECF No. 55.) The purpose of the

October 17, 2025 motion to amend and supplemental pleadings was to amend and supplement his September 16, 2025 motion to alter or amend judgment, most significantly by notifying the Court of a recent Supreme Court decision, *Perttu v. Richards*, 605 U.S. 460 (2025), with respect to Scott's First Amendment claim of retaliation. (*See id.*, PageID.908, 913.) The October 17, 2025 motion to amend and supplemental pleadings did not mention filing, or request leave to file, an amended complaint or any future motion. In fact, the only relief requested in that motion was "to have this Court alter or amend judgment in light of the [*Perttu*] decision" (*id.*, PageID.908) and "that this Court alter or amend it's [sic] judgment in light of the ruling from the Supreme Court." (*Id.*, PageID.917.)

On April 9, 2026, the Court denied the motion to alter or amend judgment and granted the October 17, 2025 motion to amend and supplemental pleadings. (ECF No. 56.) As to the October 17, 2025 motion to amend and supplemental pleadings, the Court stated:

> The Court finds the interests of justice and a fully developed record weigh in favor of ensuring that the *Perttu* decision and Scott's discussion of the case is included in the record. Therefore, the Court **GRANTS** the motion for amended and supplemental pleadings. However, to the extent that Scott reiterates his argument that there is a factual dispute regarding Massey's knowledge that a grievance had been

> written against her, the Court addressed that issue previously, including in the August 25, 2025 Order.

(ECF No. 56, PageID.924–925.)

Scott then filed a motion for extension of time to file amended and supplemental pleadings ("extension motion"). (ECF No. 57.) On May 20, 2026, the Court denied the extension motion as moot. (ECF No. 58.) The Court explained that it had incorporated into its April 9, 2026 Order Scott's arguments set forth in the October 17, 2025 motion for amended and supplemental pleadings, such that "there is no need for Scott to file the amended and supplemental pleadings." (*Id.*, PageID.936.)

On May 18, 2026, Scott filed a Rule 60(a) motion for relief from judgment or order in which he claims the Court erred when denying the extension motion as moot because the Court had granted him leave to file amended and supplemental pleadings in the April 9, 2026 Order. (ECF No. 60, PageID.962, 969.) On May 22, 2026, Scott filed a proposed amended complaint with jury demand. Those filings are misplaced.

As discussed above, when the Court granted the October 17, 2025 motion for amended and supplemental pleadings, it granted Scott the only relief he requested—that the Court consider the *Perttu* ruling in the context of his First Amendment retaliation claim. Scott did not ask the

Court to file an amended complaint or any new document. Therefore, Scott had no right to file, nor had he been granted leave to file, any additional pleadings, including a proposed amended complaint. As the Court explained in its May 20, 2026 Order, this cause of action has been dismissed and closed. (ECF No. 58, PageID.936.)

For all the reasons stated above, **IT IS ORDERED** that Scott's relief from judgment or order (ECF No. 60) is **DENIED**.

**IT IS FURTHER ORDERED** that, as Scott had no right to file, nor been granted leave to file, a proposed amended complaint, the Clerk of the Court shall **STRIKE** Scott's proposed amended complaint filed at ECF No. 59.

**IT IS FURTHER ORDERED, AND THE COURT STATES AGAIN**, this matter is **CLOSED**.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

DATED: November 25, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager